J-S34007-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHERESE LYNN JONES | : | |
| | : | |
| Appellant | : | No. 1370 MDA 2024 |

Appeal from the Judgment of Sentence Entered August 14, 2024
In the Court of Common Pleas of Lancaster County
Criminal Division at No:  CP-36-CR-0003770-2021

BEFORE:  STABILE, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY STABILE, J.:                    **FILED: FEBRUARY 17, 2026**

Appellant, Sherese Lynn Jones, appeals from her judgment of sentence of two to six years' imprisonment for aggravated assault under 18 Pa.C.S.A. § 2702(a)(1) and two years' probation for conspiracy to commit simple assault.  Appellant requests a new trial based on after-discovered evidence, an alleged recantation by co-defendant Iris Ortiz.  We affirm.

Appellant and two codefendants, Ortiz and Philip Whitted, were charged with assaulting the victim, Shonda Seals.  Appellant, Ortiz and Whitted were tried together before a jury.

The evidence adduced during trial establishes that on the evening of July 17, 2021, Seals went out with friends and relatives in Lancaster to commemorate the anniversary of her brother's death.  Seals and her family eventually made their way to Prince of Subs, where they stayed until closing time around 1:30 a.m.

At Prince of Subs, Seals observed Whitted arguing with a woman. This argument continued outside of the bar. Seals said something to Whitted about arguing with women, at which point Whitted became upset with Seals. At the same time, Seals was entering her vehicle and saw her daughter, Jasmine, having a confrontation with Ortiz. Seals struck Ortiz because Seals believed Ortiz was preparing to strike her daughter. At this point, Appellant swung at Seals' daughter. General argument ensued among the two groups. Ortiz pulled up in her silver four-door vehicle with Whitted in the passenger seat. Appellant entered the backseat of Ortiz's vehicle, and Ortiz drove away. N.T. 139-48.

A second confrontation took place slightly over one hour later. Seals returned to the area of her home, drove around looking for a parking spot, and eventually parked around the corner from her home on Marshall Avenue in Lancaster. At 2:45 a.m., while parking her car, Seals was on the phone with a friend. At this moment, Ortiz's vehicle pulled up next to Seals' vehicle. Ortiz was driving the car and was accompanied by Appellant and Whitted. The window was down in Ortiz's vehicle. Seals heard Ortiz state, "got you, got you" and laugh. *Id.* at 149-53.

Seals testified that Appellant exited the vehicle and came towards Seals, and a fistfight began between Appellant and Seals. Seals did not see anything in Appellant's hands during the fight; nor did Seals hear Appellant yell to Ortiz or Whitted or ask them to join the fight. About two minutes after Appellant and Seals began fighting, Ortiz and Whitted exited the vehicle and joined the

fight. Seals fell and hit her head, and Appellant, Ortiz and Whitted were on top of her and hitting her. At this point, Seals felt a pain from "something other than … a punch." She felt this pain when all three defendants were standing over her. *Id.* at 154-55, 197-98.

Seals began walking towards her daughter and could feel that her leg was wet. She put her hand on her leg and saw her hand covered in blood. Seals' daughter called 911 while Seals sat on the steps of her home. Seals could hear her blood coming down her leg and falling on the ground. Deciding that Seals could not wait for an ambulance to arrive, Seals' daughter drove her to the hospital. Seals was unable to tell which defendant stabbed her, but she testified that all three defendants were in close proximity to her at the time she was stabbed. *Id.* at 157-64.

The court admitted Dr. John Lee, a surgeon at Lancaster General Hospital, as an expert witness in the fields of trauma surgery and trauma medicine. Dr. Lee testified that he treated Seals at the hospital on July 18, 2021 for two lacerations on her buttock and back right upper thigh. Dr. Lee explained that the size of the wounds established that Seals was stabbed rather than slashed. Dr. Lee considered Seals to be at the highest level of trauma due to the mechanism of her injury and her low blood pressure. His immediate assumption was that Seals was bleeding to death. He also believed that Seals had a life-threatening injury because her blood pressure was low. Due to her low blood pressure, Seals was required to undergo a blood transfusion. *Id.* at 378-92.

Ortiz testified in her defense. Ortiz testified that on the night of July 17, 2021, she was partying at a bar in Lancaster until around 1:30 a.m. and left the bar alone in her 2007 Chrysler Sebring. She drove past Prince of Subs and saw Whitted arguing with a group of women. She exited her vehicle and approached Whitted, began arguing with Seals' daughter, and was struck by a hard object, causing her head to bleed. She returned to her car with Whitted and Appellant. The three left Prince of Subs and drove around Lancaster trying to decide where to take Whitted. While driving, Ortiz saw Seals and pointed her out to Whitted and Appellant. Appellant jumped out of Ortiz's vehicle and began fighting Seals. Ortiz testified that she immediately exited her vehicle and joined in the fight.[1] The fight lasted for about 45 seconds, and Ortiz admitted punching Seals' face and upper body. Ortiz denied stabbing Seals, having a knife, or seeing a knife that night. Ortiz admitted, however, that she never saw Appellant get behind Seals. After the fight, Ortiz drove Appellant home but could not remember where she dropped off Whitted. She claimed that she did not find out that Seals had been stabbed until the police contacted her. *Id.* at 431-52.

Whitted testified that he saw Seals hit Ortiz in the face with a shoe outside Prince of Subs. After leaving Prince of Subs, Ortiz, Whitted and Appellant drove around, and Ortiz was very upset about being hit by Seals.

---

[1] Ortiz's testimony on this point differed from Seals' testimony. Seals testified that Ortiz did not leave the vehicle until two minutes after Appellant exited the vehicle.

Whitted testified that he wanted Ortiz to drop him off, but Ortiz told him to wait. Whitted then saw Ortiz and Appellant fighting Seals and saw Seals on the ground during the fight. Following the fight, he heard Ortiz and Appellant saying "yeah, we fucked that bitch up." He did not see who stabbed Ortiz, but he testified that he never saw Appellant get behind Seals. *Id.* at 479-523.

On the final day of trial, the Commonwealth argued that each defendant could be found guilty for aggravated assault either as an accomplice or as a co-conspirator. The court charged the jury that it could find each defendant guilty of aggravated assault on either or both of these theories of liability. *Id.* at 648-50. On the separate charge of conspiracy, the court instructed that if the jury found any defendant guilty of conspiracy, it should specify on the verdict slip whether the defendant was guilty of conspiracy to commit aggravated assault or conspiracy to commit simple assault. *Id.* at 656-57.

The jury found Appellant guilty of aggravated assault (causing serious bodily injury) and conspiracy to commit simple assault. The jury found Ortiz guilty of the same offenses, and it acquitted Whitted of all charges. On August 14, 2024, the court entered sentence.

Appellant filed timely post-sentence motions in which she attached a letter from Ortiz that stated, "Reese Jones [Appellant] did not aggravatedly assault Shonda Seals. I took it upon myself to assault Shonda in the same sense that she assaulted me." Post-Sentence Motions, 8/26/24, exhibit A.

- 5 -

Appellant contended that Ortiz's letter constituted after-discovered evidence that entitled her to a new trial.

On September 11, 2024, the court denied Appellant's post-sentence motions. Appellant filed a timely appeal to this Court, and both Ortiz and the trial court complied with Pa.R.A.P. 1925.

Appellant raises a single issue in this appeal, "Did the trial court err when it denied [Appellant's] post-sentence request for a new trial based on after-discovered evidence where the new evidence is the recanted testimony of a key Commonwealth witness?" Appellant's Brief at 2.

When we examine a trial court's decision to deny a new trial based on after-discovered evidence, "we ask only if the court committed an abuse of discretion or an error of law which controlled the outcome of the case." **Commonwealth v. Padillas**, 997 A.2d 356, 361 (Pa. Super. 2010) (quoting **Commonwealth v. Bonaccurso**, 625 A.2d 1197, 1199 (Pa. Super. 1993)).

In order to obtain a new trial based on after-discovered evidence, the defendant must prove that the evidence could not have been obtained prior to the end of the trial by the exercise of reasonable diligence; the evidence is not merely corroborative or cumulative; it will not be used solely to impeach the credibility of a witness; and it would likely result in a different verdict if a new trial were granted. **Padillas**, 997 A.2d at 292. The test is conjunctive, and the defendant must prove each factor by a preponderance of the evidence in order to obtain relief. **Id.**

To determine whether the after-discovered evidence would likely have resulted in a different outcome if a new trial were granted, we should consider "the integrity of the alleged after-discovered evidence, the motive of those offering the evidence, and the overall strength of the evidence supporting the conviction." *Commonwealth v. Crumbley*, 270 A.3d 1171, 1179 (Pa. Super. 2022).

The jury found Appellant guilty of aggravated assault under 18 Pa.C.S.A. § 2702(a)(1), which provides that a person is guilty of aggravated assault if he "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." *Id.* The court instructed the jury that it could find Appellant guilty under Section 2702(a)(1) as an accomplice. "A person is an accomplice, and equally liable for the acts of another[,] if he acts with the intent of promoting or facilitating the commission of an offense and agrees, aids, or attempts to aid such other person in either planning or committing that offense." *Commonwealth v. Jones*, 339 A.3d 493, 503 (Pa. Super. 2025). The "least degree of concert or collusion in the commission of the offense is sufficient to sustain a finding of responsibility as an accomplice." *Id.* "An accomplice may be found guilty without proof that the accomplice actually performed any criminal act." *Commonwealth v. Wagaman*, 627 A.2d 735, 740 (Pa. Super. 1993). The Commonwealth may prove accomplice liability with evidence that the defendant aided in the commission of the offense. *Jones*, 339 A.3d at 503.

- 7 -

The court properly denied Appellant's motion for new trial because the alleged after-discovered evidence, Ortiz's letter, would not have resulted in a different verdict in a new trial. The statements in Ortiz's letter—Appellant "did not aggravatedly assault" Seals, and Ortiz "took it upon [her]self to assault Seals"—do not explicitly identify the person who stabbed Seals. For purposes of this memorandum, we will assume that Ortiz meant that she, not Appellant, stabbed Seals. Even if we construe Ortiz's statements in this manner, however, that would not undermine the evidence that Appellant acted as Ortiz's accomplice.

The evidence demonstrates that regardless of who stabbed Seals, Appellant was an accomplice to the stabbing. On the night of the stabbing, Appellant, Ortiz and Whitted had an altercation with Seals and others at Prince of Subs in Lancaster. Appellant, Ortiz and Whitted drove away from Prince of Subs in Appellant's car. Over one hour later, while Ortiz was driving around Lancaster with Appellant and Whitted as passengers, they saw Seals in her car on Marshall Avenue, and Ortiz exclaimed "got you, got you." These facts indicate they had been searching for Seals after leaving Prince of Subs. Appellant immediately jumped out of Appellant's car and violently attacked Seals. Ortiz also exited the car and joined in the attack, although it is unclear whether Ortiz exited the vehicle at the same time as Appellant or two minutes later. Whitted joined the fray at some point as well. Seals was stabbed twice from behind. Appellant drove Ortiz home after the attack, and they congratulated each other by saying "yeah, we fucked that bitch up."

Even if Appellant was not the individual who stabbed Seals, the evidence demonstrates that Appellant, Ortiz and Whitted searched together for Seals, found Seals together, attacked Seals together, and left the scene together, pleased with the outcome.  This chain of events demonstrates that Appellant acted in concert with Ortiz and is liable for Seals' stabbing as an accomplice. **See Ortiz**, 339 A.3d at 503 (the "least degree of concert" is sufficient to prove accomplice liability).  Stated another way, the evidence fulfilled the elements of accomplice liability because Appellant "acted with the intent of promoting or facilitating the commission of [the stabbing]" and "agree[d], aid[ed], or attempt[ed] to aid [Ortiz] in … committing that offense."  **Id.**; **see also Commonwealth v. Anderson**, 2025 WL 845106, *1, 4-5 (Pa. Super., Mar. 18, 2025) (non-precedential)[2] (evidence supported conviction for aggravated assault on basis of accomplice liability, where defendant accompanied codefendant to victim's house, codefendant demanded that victim repair wall that victim had damaged while defendant stood by silently, codefendant shot victim, and defendant and codefendant ran away together).

Thus, the statement in Ortiz's letter, construed to mean that Ortiz stabbed Seals, would not likely result in a different verdict if a new trial were granted because of the "overall strength of the evidence" that Appellant acted as an accomplice.  **Crumbley**, 270 A.3d at 1179.  Since Appellant cannot

_____

[2] We may cite this Court's unpublished memoranda filed after May 1, 2019 for their persuasive value.  **See** Pa.R.A.P. 126(b).

satisfy this prong of the test for after-discovered evidence, she is not entitled to relief even if she satisfies the other prongs. ***Padillas***, 997 A.2d at 292.

For these reasons, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 02/17/2026